UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| HASSIEL JIMENEZ DE LOS SANTOS, | Civil Case No.: |
| Plaintiff, | |
| -against- | NOTICE OF REMOVAL |
| BENJAMIN CINTRON and SYSTEM FREIGHT, INC., | |
| Defendants. | |

------------------------------------------------------------------------ x

TO:   THE UNITED STATES DISTRICT COURT
 **FOR THE EASTERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446 et seq., defendants SYSTEM FREIGHT, INC. and BENJAMIN CINTRON respectfully remove to this Court the within action, which was commenced in the Supreme Court of the State of New York, County of Queens, under Index Number 709184/2021.  As grounds for removal, defendants, by their attorneys, London Fischer LLP, respectfully state:

1. Plaintiff commenced this action by purchasing an index number and filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Queens, on or about April 21, 2021. True and correct copies of the Summons and Verified Complaint are annexed hereto as Exhibit "A."  The Verified Complaint asserts causes of action by HASSIEL JIMENEZ DE LOS SANTOS, sounding in negligence.  *See* Exhibit "A."

2. This is a civil action in which the United States District Court has original jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The Verified Complaint indicates that plaintiff is a citizen of the State of New York.  *See* Exhibit "A", at ¶1.

{N2016730.1 }

3. At the time of the service of the Summons and Complaint, defendant SYSTEM FREIGHT, INC. was, and still is, a corporation duly organized and existing under the laws of the State of New Jersey, having its principal place of business at 7 Centre Drive, Suite 5, Jamesburg, New Jersey 08831. Defendant BENJAMIN CINTRON is a citizen of the State of New Jersey and resides at 287 Adams Street, Piscataway, New Jersey 08854.

4. Defendant BENJAMIN CINTRON interposed an Answer on June 11, 2021. Defendant, System Freight, Inc, interposed an Answer on June 16, 2021. *See* Exhibit "B" (Defendants' Answers).

5. Plaintiff's Complaint contains no "*Ad Damnum*" clause to establish the amount in controversy. *See* Exhibit "A." Concurrently with the Answers to the Complaint, defendants served discovery demands and a demand for a Bill of Particulars upon plaintiff, including a demand for an *ad damnum* pursuant to New York CPLR 3017(c). *See* Exhibit "C".

6. After having received no response to the demands, despite requests for same, defendants submitted a Request for Judicial Intervention in State Court, which resulted in the issuance of a Preliminary Conference Part Discovery Order, dated September 9, 2021. *See* Exhibit "D".

7. On October 27, 2021, Defendants duly responded to the Preliminary Conference Order and notified plaintiff's counsel that plaintiff's Bill of Particulars was overdue. *See* Exhibit "E".

8. Plaintiff then served a Bill of Particulars and Discovery Responses dated November 5, 2021, which was received by the defendants on November 9, 2021. Although the plaintiff did not serve a Response to the Defendants' CPLR 3017(c) Demand for an *ad damnum*, Paragraph 13 for the Bill of Particulars contains a claim for past medical expenses of

"approximately" $110,000 "and continuing." *See* Exhibit "F". This amount exceeds the $75,000 minimum threshold requirement of 28 U.S.C. § 1332 for diversity jurisdiction.

9. Plaintiff's Bill of Particulars is the first "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. §1446(b). Accordingly, this removal is timely, having been done within one year of the commencement of the action, and within thirty days after receipt of the plaintiff's Bill of Particulars. *See Moltner v. Starbucks Coffee Co.,* 624 F. 3d 34, 38 (2d Cir. 2010)(affirming denial of remand motion where removal filed within 30 days after receipt of plaintiff's *ad damnum*).

10. The documents referenced above constitute "all process, pleadings and orders" known to have been served in the aforesaid action, within the meaning of 28 U.S.C. § 1446(a).

11. A written notice of the filing of this Notice of Removal will be served upon all adverse parties as required by 28 U.S.C. § 1446(d).

12. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Queens, as required by 28 U.S.C. § 1446(d).

13. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the undersigned counsel certifies that he has read the foregoing Notice of Removal, that, to the best of his knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, defendants pray that this action be removed to the United States District Court for the Eastern District of New York.

Dated: New York, New York
November 19, 2021

LONDON FISCHER LLP

By: _____
Matthew K. Finkelstein (MF-6029)
Attorneys for Defendants
SYSTEM FREIGHT, INC. and
BENJAMIN CINTRON
59 Maiden Lane
New York, NY 10038
(212) 972-1000

TO: Simon B. Landsberg, Esq.
THE TADCHIEV LAW FIRM, P.C.
Attorneys for Plaintiff
HASSIEL JIMENEZ DE LOS SANTOS
69-09 164th Street, Suite 202
Fresh Meadows, New York 11365
(718)380-1200

Edwin S. Kim, Esq.
William Schweitzer & Associates
Trial Counsel to
THE TADCHIEV LAW FIRM, P.C.
Attorneys for Plaintiff
820 Second Avenue, 10th Fl
New York, New York, 10017
(212) 683-3800

4

{N2016730.1 }